**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LLOYD SPRINGFIELD,

        Plaintiff,                              Case. No. 2:22-cv-10344

v.                                                   Hon. Nancy G. Edmunds

UNKNOWN TROTT, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S**
**MOTION TO AMEND ORDER [ECF No. 6]**

Plaintiff Lloyd Springfield, currently confined at the Macomb Correctional Facility in Lenox Township, Michigan, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He alleges six Michigan Department of Corrections employees retaliated against him for filing grievances and misconduct ticket appeals. On March 18, 2022, this Court entered an order dismissing Defendants McKinney and Greason from the complaint because Plaintiff failed to state a claim against them. (ECF No. 6.) Subsequently, the Court stayed the case and referred it to the Pro Se prisoner Early Mediation Program. (ECF No 8.) An Early Mediation Conference has been scheduled for August 2, 2022. (ECF No. 11.)

Now before the Court is Plaintiff's motion to amend the Court's March 18 order as to Defendant Greason, under Federal Rule of Civil Procedure 59(e). (ECF No. 10.) Plaintiff argues that Greason did retaliate against him, repeating allegations he made against Greason in his complaint. (*Id.* at PageID.74-75.)

Rule 59(e) governs motions "to Alter or Amend a Judgment." Because no judgment has been entered in this case, Rule 59(e) does not apply. *See Johnson v. Dixon-Ingalls*,

No. 1:20-CV-687, 2020 WL 6193884, at *1 (W.D. Mich. Sept. 25, 2020). Instead, reconsideration of a non-final order, such as this Court's order of partial summary dismissal (ECF No. 6), is governed by Fed. R. Civ. P. 54(b) and Eastern District of Michigan's Local Rule 7.1(h)(2). Rule 54(b) states that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating" all claims and parties. The rule does not otherwise guide the reconsideration of non-final orders.

However, Local Rule 7.1(h)(2) does provide that guidance. It includes among its permissible grounds for revisiting a non-final order a mistake made by the court, based on the law and facts before it at the time of the original decision whose correction will change the outcome of that decision. Plaintiff argues the Court has made such a mistake.

Specifically, Plaintiff notes that because Greason was "displeas[ed]" at the "'disrespectful tone' of Plaintiff's inquiry letter . . . Greason could not recall knowledge of the misconduct appeal[.]" (*Id.* at PageID.75.) Plaintiff then filed a grievance against Greason for failing to respond to his appeal. (*Id.*) "Five days later . . ., Plaintiff was wrongly taken to segregation . . ." (*Id.*) Plaintiff says Greason was present and "observed the entire incident . . . and smirked at Plaintiff" when he was taken to segregation. He also notes "Greason was the sole staff member present who'd had a previous negative encounter with Plaintiff" and had the authority to approve the segregation decision. (*Id.*)

However, in his complaint, Plaintiff attributes the decision to send him to segregation to Corrections Officer Michalowicz, who remains a defendant in this action. (*See* ECF No. 1, PageID.10.) Greason's presence, authority, and "smirk[]" does not provide the Court any basis to determine that Greason was responsible for or participated

2

in that decision. Nor does Greason's failure to remember or act on Plaintiff's misconduct appeal establish his liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (no 1983 liability unless a defendant "directly participated, encouraged, authorized or acquiesced in the claimed retaliatory acts . . ."). Plaintiff has not established the Court made a mistake in dismissing Greason, and the order will not be revised.

Plaintiff also requests the Court permit him to reinstate Greason later as a defendant, if evidence obtained during discovery supports that action. (ECF No. 10, PageID.75.) Rule 54 notes that a non-final order (as described above) "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). It is therefore unnecessary for the Court to grant this request.

## IV. ORDER

Accordingly, the Motion to Amend Order (ECF No. 10) is DENIED.

**SO ORDERED**.

                                                            s/ Nancy G. Edmunds
                                                            NANCY G. EDMUNDS
                                                            UNITED STATES DISTRICT JUDGE

Dated:  June 3, 2022