UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LLOYD SPRINGFIELD,<br>　　　　　　　Plaintiff, | Case No. 22-10344 |
| v. | Nancy G. Edmunds<br>United States District Judge |
| UNKNOWN TROTT, *et al.*,<br>　　　　　　　Defendants.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 23).

Plaintiff Lloyd Springfield filed this prisoner civil rights suit on February 8, 2022, without the assistance of counsel. (ECF No. 1). It was referred to the undersigned for all pretrial matters. (ECF No. 15). This matter is presently before the Court regarding Defendants Larry Trott, Jaykumar Sundarrajan, Michael McCollough, and Bradley Michalowicz's motion for summary judgment on the issue of exhaustion of administrative remedies. (ECF No. 23).

I. ANALYSIS

　　a. Standard of Review: Motion for Summary Judgment

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

1

(1986).  A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When evaluating a motion for summary judgment, the Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion").  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The

nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema*, *N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir.

2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

      b. <u>Exhaustion Under the Prison Litigation Reform Act.</u>

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e *et seq.*, a prisoner may not bring an action "with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). The prison's grievance process determines when a prisoner has properly exhausted his or her claim. *Id.* at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

Pursuant to Policy Directive 03.02.130, effective March 18, 2019, the administrative remedies available at the Michigan Department of Corrections ("MDOC") are as follows. First, the inmate must seek to resolve issues with the staff member involved within two business days of learning about a grievable issue. (ECF No. 23-2, PageID.133, at ¶ Q). If the issues are not resolved within

five business days, the inmate may file a Step I grievance using the appropriate form. (*Id.* at PageID.134, ¶ W). If the grievant is not satisfied with the response at Step I or if he did not receive a timely response, he may file a Step II appeal. (*Id.* at PageID.135, ¶ DD). Similarly, if the grievant is not satisfied with the response at Step II or did not receive a timely response, he may file a Step III appeal. (*Id.* at PageID.136, ¶ HH). "Dates, times, places, and names of all those involved in the issue being grieved are to be included." (*Id.* at PageID.133, ¶ S).

  c. Analysis

At issue here is whether Plaintiff exhausted his administrative remedies either through two relevant misconduct tickets or via the grievance process. (ECF No. 23, PageID.121). He alleges the misconduct tickets were written in retaliation for complaining about food service at the prison. He asserts that he raised his retaliation claim during a misconduct ticket hearing and in several grievances.

  i. *Exhaustion of Misconduct Tickets*

It is established that "decisions made in the prison hearings division are non-grievable." *Ayotte v. Stemen*, No. 15-13826, 2019 WL 2219739, at *5 (E.D. Mich. Feb. 27, 2019), *report and recommendation adopted*, No. 15-13826, 2019 WL 1349607 (E.D. Mich. Mar. 26, 2019). To properly exhaust a misconduct ticket, a prisoner "shall file a motion or application for rehearing in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or

5

order." *Bergey v. Tribley*, 2015 WL 7731426, *3 n.1 (W.D. Mich. Oct. 20, 2015), *report and recommendation adopted*, No. 2:15-CV-43, 2015 WL 7738093 (W.D. Mich. Nov. 30, 2015). The rehearing request must be made within thirty days after the final decision or order is issued. *Id.* (citation omitted).

*Siggers v. Campbell* established that a prisoner must argue that his receipt of a misconduct ticket was based on conspiracy or retaliation during the first misconduct hearing or the prisoner is precluded from using conspiracy or retaliation as a basis to request a rehearing. *Siggers v. Campbell*, 652 F.3d 681, 693-694 (6th Cir. 2011). The Sixth Circuit has observed that, "Michigan's rules provide that the only avenue for challenging such reports is a hearing." *Id.* at 694.[1]

Plaintiff alleges two retaliatory misconduct tickets, a class II ticket from September 10, 2021, ("September ticket") and a class I ticket from November 4, 2021, ("November ticket"). (ECF No. 23, PageID.122-23).

The November ticket was dismissed during the review process. After a prisoner has been charged with a misconduct ticket, a supervisory employee shall review the ticket with the prisoner before the hearing and may "pull" a ticket if the reviewer determines the ticket was inappropriate. (ECF No. 23-5, PageID.147,

---

[1] The proper exhaustion process for misconduct tickets is muddled. The Sixth Circuit, in an unpublished decision, *Reynolds-Bey v. Harris*, stated, ". . . distinct from the outcomes of misconduct *hearings* [which are not grievable], the filing of retaliatory misconduct *reports* is grievable under MDOC [grievance procedures]." 428 F. App'x 493, 501 (6th Cir. 2011) (emphasis in original). This unpublished decision is not binding precedent. *Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011) ("Unpublished opinions are, of course, not binding precedent on subsequent panels ... but their reasoning may be 'instructive' or helpful.") (citation omitted).

6

MDOC Policy Directive 03.03.105, at ¶O). Defendants argue that because the misconduct ticket was dismissed, Plaintiff needed to exhaust his claims by the grievance process. Defendants rely on *Parker v. Turner* for this proposition. No. 20-12794, 2022 WL 722192, at *3–4 (E.D. Mich. Mar. 9, 2022). "The Court's interpretation of the policy is that while the prisoner cannot grieve a final, substantive decision made *in* a misconduct hearing, he would be able to grieve a *non-substantive decision* (i.e., dismissal of a ticket for *due process violations*)." *Id.* (emphasis added). In *Parker*, the misconduct ticket was dismissed because of a due process violation and the Court determined Parker could have pursued a grievance because the Court's interpretation of MDOC policy was that a pre-hearing *procedural* dismissal is grievable.

  The Defendants do not provide any clarity why the ticket was dismissed and the notation on Plaintiff's copy of the ticket is illegible other than the notation "DISMISSED[.]" (ECF No. 1, PageID.43). It is reasonable to infer that it was dismissed on the merits in Plaintiff's favor. Plaintiff argues that he received the November ticket for disobeying an order when he left his cell to use the bathroom despite being given permission to do so. (ECF No. 1, PageID.9-10). Plaintiff alleges he was brought before the security classification committee and classified to a higher security level as a result of the ticket. (*Id.* at PageID.10). Plaintiff suggests that a non-party sergeant later submitted a note to the security

7

classification committee that the incident was "not a big deal" and the committee "changed its mind[.]" (*Id.*). Neither party provides the Court with any further explanation of why the November ticket was dismissed. It is just as reasonable to infer that it was dismissed on procedural grounds because prison officials did not hear Plaintiff or review other evidence they would have during the hearing process. Reasonable inferences are to be drawn in Plaintiff's favor.

If the ticket was dismissed on the merits in Plaintiff's favor, he was not required to do anything more to exhaust his retaliation claim. If it was dismissed on procedural grounds, Plaintiff's obligations are less clear. As one court noted, "[n]either the Sixth Circuit nor this Court has established a requirement that a prisoner must exhaust his or her claim via a grievance when the prisoner is denied an opportunity to have hearing on a misconduct report." *Sampson v. Davis*, No. 2:19-CV-176, 2021 WL 2419618, at *3 (W.D. Mich. May 12, 2021), *report and recommendation adopted*, No. 2:19-CV-176, 2021 WL 2416894 (W.D. Mich. June 14, 2021). And, again, *Siggers* says that the only way to exhaust a ticket-related claim is through the misconduct hearing process. The undersigned suggests the record is insufficiently developed to conclude that Plaintiff did not exhaust his remedies on the merits nor is it clear that where a hearing is not held the prisoner is then required to exhaust his claim via the grievance process in every case. *Sampson*, 2021 WL 2419618, at *3. "The moving party has the initial burden of

8

proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the November ticket was resolved in his favor on the merits, Plaintiff was not required to pursue the grievance process because he exhausted his remedies. If the ticket was not resolved in his favor on the merits, Plaintiff needed to pursue the grievance process and, as discussed below, he did not exhaust through the grievance process. The undersigned suggests that Defendants have not proven that no genuine issue of material fact exists as to whether Plaintiff properly exhausted his administrative remedies because whether the dismissal of his November misconduct ticket was substantive or procedural is relevant to if Plaintiff properly exhausted. The Court lacks this information.

As to the September ticket, Defendant McCollough indicates he held a hearing for the September ticket on September 17, 2021. (ECF No. 23, PageID.123). Defendants acknowledge Plaintiff has produced what Plaintiff asserts is an appeal of the hearing that is dated October 24, 2021. (*Id.*) (citing (ECF No. 1, PageID.21–23)). Defendants argue "the misconduct hearing report

9

does not have any record that Springfield raised [the issue of retaliation] during the hearing" as he needed to do under *Siggers*. (*Id.* at PageID.124) (citing ECF No. 1, PageID.36)).

In the appeal form produced by Plaintiff, Plaintiff asserts he "attempted to explaine [sic] that this ticket was in retaliation of a grievance I filed[.]" (ECF No. 1, PageID.22-23). In the same appeal form Plaintiff states Defendants Trott, Sundarrajan, and McCullough are "engaging and participating in a retaliation campaign against me." (*Id.* at PageID.23). In Plaintiff's response brief, he again states he "informed the Hearing Officer, Defendant McCollough, that the ticket was written by Defendant Sundarrajan in retaliation for a prior grievance." (ECF No. 25, PageID.172). Plaintiff argues that prisoners have no input over what is placed in the record and McCollough deliberately left out his allegations of retaliation. (*Id.*). The misconduct hearing report does not indicate that Plaintiff claimed retaliation during the hearing, however, prison officials are not stenographers and as such do not transcribe the whole of an interaction into the record. Plaintiff alleges in affidavits that he raised retaliation at the hearing and the Court must presume he did so. The ticket was upheld at the hearing. (ECF No. 1, PageID.36).

Defendants argue that the appeal form does not "bear any indication that it was received by the MDOC or responded to" and offer an affidavit by MRF

10

Assistant Deputy Warden ("ADW") Greason that he never received the purported appeals of the September ticket. (ECF No. 23, PageID.124). One of Greason's responsibilities as ADW was to review and respond to Class II misconduct tickets. (ECF No. 23-4, PageID.141). In his response, Plaintiff attaches his own affidavit which states he filed his misconduct appeal on October 24, 2021. (ECF No. 25, PageID.173). Plaintiff's copy of the appeal form included with his complaint is also dated October 24, 2021. (ECF No. 1, PageID.23).[2] To properly exhaust a misconduct ticket, a prisoner must file a request for rehearing within thirty days after the final decision. *Bergey v. Tribley*, 2015 WL 7731426, *3 n.1 (W.D. Mich. Oct. 20, 2015), *report and recommendation adopted*, No. 2:15-CV-43, 2015 WL 7738093 (W.D. Mich. Nov. 30, 2015). The hearing report — the final decision, is dated September 21, 2021. (ECF No. 1, PageID.36). Assuming Plaintiff submitted the request for rehearing on October 24 as he says, his request for rehearing on the September ticket was untimely because more than thirty days had passed since the final decision. An untimely appeal does not exhaust Plaintiff's administrative remedies. The undersigned suggests Plaintiff failed to properly exhaust the September misconduct ticket.

      *ii. Grievance Process*

---

[2] In Plaintiff's sworn complaint he stated he filed the appeal on September 24, 2021. (ECF No. 1, PageID.9). The Court shall take Plaintiff's more recent sworn statements as true.

11

As to whether Plaintiff has exhausted his administrative remedies through the grievance process, which is perhaps relevant to the November ticket, the record before the court makes it difficult to determine whether Plaintiff has exhausted. In their motion for summary judgment, Defendants produce Plaintiff's Step III grievance report which reflects that he did not complete any grievances through Step III. (ECF No. 23, PageID.113). In response, Plaintiff points to five grievances which he asserts were "either wrongly rejected or otherwise ignored." (ECF No. 25, PageID.170). Plaintiff directs the Court to his complaint, where he has attached these five grievances. (*Id.*) (citing ECF No. 1)). Plaintiff's copies of the grievances in his complaint do not contain the grievance identifier code because the identifier is added by MCF, and the lack of a grievance identifier makes matching grievances and appeals difficult. (ECF No. 1). In his response, Plaintiff also provides the Step I rejection for three grievances, his Step II grievance appeal for one grievance,[3] the receipt acknowledging he submitted a Step II appeal for Grievance MRF-21-11-2383-28E, and what appears to be three identical copies of a Step II response to Grievance MRF-21-11-2383-28E.[4] (ECF

---

[3] Plaintiff's copy of the Step II appeal does not contain a grievance identifier number. (ECF No. 25, PageID.177).

[4] As far as Plaintiff argues he requested, but never received, a Step III appeal form, to appeal to Step III a prisoner re-submits the Step II grievance appeal form where there is a portion at the bottom for the Step III appeal. (ECF No. 25, PageID.177). A prisoner would be required only to submit another form if the Step II form was not timely returned and the prisoner still wished to appeal, which does not appear to be the case with the grievance referenced because a

12

No. 25). The records Plaintiff provides are not a comprehensive record of the grievances at issue.

The Defendants do not provide any part of Plaintiff's grievance record besides Plaintiff's Step III appeals record, a one-page document which states no record of Step III appeals were found. (ECF No. 23-3, PageID.139).

Prior to filing their reply to Plaintiff's response, Defendants sought an extension because Plaintiff had raised arguments about his Step I and Step II grievances and those documents were "not part of the Step III grievance record" Defendants had included in their motion for summary judgment. (ECF No. 26, PageID.199). In seeking the extension, Defendants noted the "*additional documents are necessary to evaluate [Plaintiff's] arguments*." (*Id.*) (emphasis added). The Court granted the extension, but Defendants did not include all the relevant grievances in their reply. (ECF Nos. 27; 28). Defendants have since supplemented their reply with an affidavit that was unavailable at the time they filed their reply, but their reply and supplement in no way indicate they intend to file Plaintiff's full grievance record. (ECF Nos. 28; 29).

As far as Plaintiff argues the grievances were improperly rejected, he still should have appealed them pursuant to MDOC's grievance policy. Similarly, "a prisoner cannot avoid the exhaustion requirement by claiming futility." *Napier v.*

---

response was provided within the 15 days allotted under MDOC policy. (*Id.*; ECF No. 23-2, PageID.135, at ¶ EE).

13

*Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) ("Faced with a policy that was not clearly unavailable, the only way to determine if the process was available, or futile, was to try." (internal quotation marks omitted)); *Moses v. Campbell*, No. 20-cv-13366, 2022 WL 2805145 (E.D. Mich. July 18, 2022) ("Moses' subjective belief that he was not required to file a grievance is insufficient to excuse the exhaustion requirement."). Failure to exhaust administrative remedies is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As a result, defendants bear the burden of proof on exhaustion. *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012) ("A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies.").

While the record related to Plaintiff's exhaustion via the grievance process is incomplete, the undersigned suggests the record is sufficient to conclude that Plaintiff failed to exhaust his administrative remedies via the grievance system because Plaintiff appealed no grievance through Step III.[5] Even so, this is a victory of no consequence as the undersigned suggests that Defendants have not proven that no genuine issue of material fact exists as to whether Plaintiff properly exhausted his administrative remedies because whether the dismissal of his

---

[5] Defendants may move for an evidentiary hearing or bench trial regarding disputed issues of fact and exhaustion under the PLRA if this Report and Recommendation is adopted. *Lee v. Willey*, 789 F.3d 673, 677–78 (6th Cir. 2015).

November misconduct ticket was substantive or procedural is relevant to if Plaintiff properly exhausted.

## II. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment be **DENIED.**  (ECF No. 23).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

15

objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 28, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on February 28, 2023.

s/Kristen MacKay
Case Manager
(810) 341-7850