UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LLOYD SPRINGFIELD,

     Plaintiff,                       Case No. 22-10344

v.                                      Honorable Nancy G. Edmunds

UNKNOWN TROTT, *et al.*,

     Defendants.

_____/

**OPINION AND ORDER REJECTING IN PART AND ACCEPTING AND
ADOPTING IN PART THE MAGISTRATE JUDGE'S FEBRUARY 28, 2023
REPORT AND RECOMMENDATION [31]**

This is a pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983 by Plaintiff

Lloyd Springfield, who is currently confined at the Macomb Correctional Facility in Lenox

Township, Michigan. Plaintiff alleges Defendants retaliated against him for complaining

about the food service at the prison and for exercising his First Amendment rights. (ECF

No. 1.) The case has been referred to Magistrate Judge Curtis Ivy, Jr. for all pre-trial

matters. (ECF No. 7.) Before the Court is the Magistrate Judge's February 28, 2023 report

and recommendation to deny Defendants' motion for summary judgment on the basis of

exhaustion of administrative remedies. (ECF No. 31.) Defendants and Plaintiff have filed

objections to that report. (ECF Nos. 32, 33.) Having conducted a *de novo* review of the

portions of the report to which specific objections have been filed, the Court SUSTAINS

IN PART Defendants' objections, SUSTAINS IN PART and OVERRULES IN PART

Plaintiff's objections, and REJECTS IN PART and ACCEPTS AND ADOPTS IN PART

the Magistrate Judge's report and recommendation.

## I.     Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

## II.    Analysis

Plaintiff alleges Defendants retaliated against him by issuing two allegedly false misconduct tickets in September and November 2021, causing the loss of his job as a baker, and sending him to administrative segregation.[1] The Magistrate Judge found that Plaintiff did not exhaust his retaliation claim stemming from the September misconduct ticket or any retaliation claims through the grievance process, but because there is a question of fact regarding whether he properly exhausted the claim stemming from the November misconduct ticket, the Court should deny Defendants' motion for summary judgment. Defendants have filed two objections. First, they object to the finding that there is a genuine issue of material fact regarding proper exhaustion of the November misconduct ticket. Defendants aver that sustaining that objection (assuming the Magistrate Judge's remaining findings are adopted) would warrant granting Defendants' motion in full, but alternatively argue that the Magistrate Judge should have at the least recommended dismissing the three defendants who were not involved in the November ticket. Plaintiff has filed four objections—the first relates to the Magistrate Judge's finding

---

[1] A more detailed summary of the factual allegations in this case can be found in the Court's previously issued "Opinion and Order of Partial Summary Dismissal." (*See* ECF No. 6.)

regarding the appeal of his September misconduct ticket being untimely, the second two relate to findings regarding his failure to exhaust through the grievance process, and the final regarding the Magistrate Judge's statement that Defendants may move for an evidentiary hearing or bench trial regarding exhaustion if the report and recommendation is adopted. The Court addresses the objections in turn, starting with Defendants' first objection, moving to Plaintiff's objections, and then ending with Defendants' second objection.

### A.    Defendants' First Objection

Defendants first object to the Magistrate Judge's finding that there is a genuine issue of material fact as to exhaustion of Plaintiff's November ticket because it is unclear whether that ticket was dismissed on procedural or substantive grounds.

At the outset, the Magistrate Judge recognized the general principle that "decisions made in the prison hearings division are non-grievable." *See Ayotte v. Stemen*, No. 15-13826, 2019 U.S. Dist. LEXIS 52176, at *13 (E.D. Mich. Feb. 27, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 50189 (E.D. Mich. Mar. 26, 2019). To properly exhaust a misconduct ticket, a prisoner must file a request for a rehearing within thirty days of the final decision. *See id.* at *13 (citations omitted). And to preserve a retaliation claim stemming from a misconduct ticket, the prisoner must argue that receipt of the ticket was based on retaliation during the first misconduct hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-94 (6th Cir. 2011).

Here, the misconduct ticket was dismissed prior to a hearing, and thus Defendants argued that Plaintiff was required to exhaust his claim through the grievance process. In support of this proposition, Defendants relied on the case of *Parker v. Turner*, No. 20-

12794, 2022 U.S. Dist. LEXIS 42344 (E.D. Mich. Mar. 9, 2022). There, the court interpreted the relevant grievance policy to indicate that "while the prisoner cannot grieve a final, substantive decision made *in* a misconduct hearing, he would be able to grieve a non-substantive decision (i.e., dismissal of a ticket for due process violations)." *Id.* at *9-10. The Magistrate Judge thus considered the reason the November ticket was dismissed and found a genuine question of material fact as to whether it was procedural or substantive.[2] But in *Parker*, the court found the distinction between a substantive and procedural resolution relevant in relation to a ticket that was dismissed during a hearing. *See id.* at *10-11. With regard to another ticket, where no hearing was held, the court reasoned that the dismissal "prior to the hearing foreclosed [the plaintiff's] opportunity to raise his allegations of retaliation in a misconduct hearing, on appeal or rehearing. His remedy was to file a grievance so that there could be administrative review of his allegations." *Id.* at *10. This is consistent with the reasoning of another recent decision in this district, where the court, relying in part on *Parker*, found that because a misconduct ticket was dismissed without a hearing, the prisoner was required to exhaust through the grievance process.[3] *See Ingram v. Zamenski*, No. 22-10434, 2023 U.S. Dist. LEXIS

---

[2] Defendants had not provided an explanation as to why the ticket was dismissed in either their motion for summary judgment or reply brief. Defendants now argue that it was dismissed on procedural grounds. But in light of the Court's remaining findings, the reason for the dismissal is no longer relevant to the analysis.

[3] The *Ingram* court also relied in part on *Reynolds-Bey v. Harris*, 428 F. App'x 493 (6th Cir. 2011). There, the Sixth Circuit, in an unpublished opinion, drew a distinction between "the outcomes of misconduct hearings" and "the filing of retaliatory misconduct reports" and stated that while the former are non-grievable, the latter are. *See id.* at 501 (emphasis omitted). The Magistrate Judge acknowledged *Reynolds-Bey* in a footnote but appeared to find it in tension with *Siggers*. The Court notes that the two cases are factually distinguishable—in *Siggers*, the misconduct tickets were upheld at least in part during the hearings, *see Siggers v. Campbell*, No. 07-CV-12495-DT, 2008 U.S. Dist. LEXIS 107466, at *48 (E.D. Mich. Aug. 26, 2008), while in *Reynolds-Bey*, 428 F. App'x at 501, the

50204, at *22 (E.D. Mich. Mar. 7, 2023), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 49577 (E.D. Mich. Mar. 22, 2023). Because no hearing was held on the November ticket, the Court similarly finds that Plaintiff was required to exhaust his retaliatory ticket claim through the grievance process. He did not do so, and thus there is no genuine issue of material fact regarding Plaintiff's failure to exhaust the November ticket. Defendants' first objection is sustained.

### B.    Plaintiff's Objections

Plaintiff was found guilty of the charges in the September misconduct ticket following a hearing. The issue of whether he properly exhausted the claim stemming from this ticket turns in part on whether his request for a rehearing was timely. Plaintiff objects to the Magistrate Judge's finding that his request was untimely because it was submitted more than thirty days after the date of the final decision—on October 24. Plaintiff states that he mistakenly dated the appeal October 24 when the actual date was September 24. Plaintiff points to several places in the record where the September 24 date appears and has provided a declaration to this effect. (*See* ECF No. 1, PageID.9, 24, 26; ECF No. 33, PageID.277.) The Magistrate Judge acknowledged that Plaintiff's sworn complaint

---

prisoner was found not guilty or the charges were dismissed during the hearings. Other courts have held that prisoners must exhaust their retaliatory ticket claims through the grievance process, and not the misconduct hearing process, when they are found not guilty on misconduct charges following a hearing. *See Hunt v. Brault*, No. 19-11994, 2022 US. Dist. LEXIS 176182, at *5 n.1 (E.D. Mich. Sept. 28, 2022); *Dykes v. Fuller*, No. 18-11528, 2019 U.S. Dist. LEXIS 168653, at *6 (E.D. Mich. Aug. 7, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 167684 (E.D. Mich. Sept. 30, 2019), *aff'd*, No. 19-2243, 2020 U.S. App. LEXIS 21602 (6th Cir. July 10, 2020). Because hearings were held on the underlying tickets in all of these cases but no hearing was held on the November ticket here, the Court need not resolve this issue. Nor does the Court reach the question of whether the distinction between a procedural or substantive dismissal during a hearing may be relevant to the issue of exhaustion.

included September 24 as the date he filed his appeal but decided to "take Plaintiff's more recent sworn statements as true." (ECF No. 31, PageID.249 n.2.) The Court finds that the conflicting dates in the record give rise to a genuine issue of material fact regarding whether Plaintiff's request for rehearing was timely. Thus, the record does not demonstrate that Plaintiff failed to properly exhaust the retaliation claim stemming from the September misconduct ticket.[4] Plaintiff's first objection is sustained.

Plaintiff's second and third objections relate to the conclusion that he did not exhaust his claims through the grievance process because he did not appeal any grievance through Step III. In Plaintiff's second objection, he states that administrative remedies were not available for the three grievances that were rejected as nongrievable, because ordinarily such rejections are upheld at all three steps. As the Magistrate Judge noted, however, a prisoner cannot avoid complying with a prison's grievance policy by claiming futility. *See Napier v. Laurel County*, 636 F.3d 218, 224 (6th Cir. 2011). And to the extent Plaintiff relies on the case of *McDuff v. Addis*, No. 1:17-CV-912, 2018 U.S. Dist. LEXIS 110795 (W.D. Mich. July 3, 2018), that case is distinguishable. There, the court found that officials unreasonably applied the grievance policy because they rejected the plaintiff's grievance for raising multiple unrelated issues when the issues were related. *Id.* at *8-11. Here, Plaintiff does not argue that the issues he raised should have been

---

[4] The Court notes that even if there is a subsequent finding that the request for rehearing was timely, this does not necessarily resolve the question of whether there was proper exhaustion of the September ticket because there are also questions of fact as to whether Plaintiff raised the issue of retaliation during the initial hearing and whether the request for rehearing was filed with the Michigan Department of Corrections. (*See* ECF No. 31, PageID.247-49.)

deemed grievable under the applicable grievance policy. Plaintiff's second objection is overruled.

Plaintiff's third objection relates to the grievance that was rejected as untimely at Step I (Grievance # MRF-21-11-2383-28E). (ECF No. 25, PageID.176.) Plaintiff submitted a Step II appeal, and the rejection was upheld (*Id.* at PageID.178), but he admittedly did not submit a Step III appeal. Plaintiff stated in his sworn complaint that he requested a Step III appeal form from the grievance coordinator but never received a response. (*See* ECF No. 1, PageID.4, 40.) The Magistrate Judge addressed this point but noted that ordinarily a Step III appeal is filed by completing the bottom portion of the Step II appeal form and another form would only be needed if that form was not timely returned to the prisoner. Plaintiff states that the Step II appeal form was not returned to him and what he received instead was a Step II grievance response form. (*See* ECF No. 25, PageID.178.) Because the record raises the questions of whether the Step II appeal form was returned to Plaintiff and whether he requested a Step III appeal form but was not provided one, there is a genuine issue of material fact as to whether Plaintiff may have been prevented from exhausting his administrative remedies with regard to the claim raised in this grievance. *See Farnsworth v. Johnson*, No. 17-10966, 2019 U.S. Dist. LEXIS 39380, at *11-12 (E.D. Mich. Feb. 10, 2019) ("Even if prison officials meet their burden of establishing non-exhaustion, summary judgment may be denied if a prisoner has demonstrated that a genuine issue of material fact exists as to whether defendants improperly prevented him from exhausting his administrative remedies") (internal quotations and citation omitted). Thus, Plaintiff's third objection is sustained.

Finally, Plaintiff objects to the Magistrate Judge's statement that "Defendants may move for an evidentiary hearing or bench trial regarding disputed issues of fact and exhaustion under the PLRA if this Report and Recommendation is adopted." (*See* ECF No. 31, PageID.252 n.5 (citing *Lee v. Willey*, 789 F.3d 673, 677-78 (6th Cir. 2015))). Plaintiff does not point to any error in this statement but states that he objects to an evidentiary hearing unless he is appointed counsel. The issue of whether Plaintiff should be appointed counsel is not before the Court. Because there is no error in the Magistrate Judge's statement, Plaintiff's fourth objection is overruled.

### C.    Defendants' Second Objection

Defendants also object to the Magistrate Judge's recommendation that their motion for summary judgment be denied in its entirety despite finding that Plaintiff did not properly exhaust his administrative remedies with regard to some of his claims. Defendants aver that the report should have recommended granting the motion in part and dismissing the three defendants who were only involved in claims the Magistrate Judge found are unexhausted. While Defendants' point is well taken, the Court has now sustained three of the parties' objections relating to the exhaustion of Plaintiff's claims. Thus, Defendants' second objection is sustained only to the extent summary judgment will be granted as to any claims the Court finds are unexhausted. More specifically, the Court denies Defendants' motion for summary judgment as to the retaliation claim raised in Grievance # MRF-21-11-2383-28E and the retaliatory ticket claim stemming from the September ticket but grants the motion as to the remaining retaliation claims, including the retaliatory ticket claim stemming from the November ticket. Because Defendant

Michalowicz was not involved in the surviving claims, the Court dismisses him from this action.

## III.    Conclusion

Having conducted a *de novo* review of the portions of the Magistrate Judge's report to which specific objections have been filed, the Court SUSTAINS IN PART Defendants' objections, SUSTAINS IN PART and OVERRULES IN PART Plaintiff's objections, and REJECTS IN PART and ACCEPTS AND ADOPTS IN PART the Magistrate Judge's report and recommendation. Accordingly, Defendants' motion for summary judgment on the basis of exhaustion (ECF No. 23) is DENIED IN PART and GRANTED IN PART, and Defendant Michalowicz is DISMISSED without prejudice. Only Plaintiff's retaliation claim raised in Grievance # MRF-21-11-2383-28E and the retaliatory ticket claim stemming from the September ticket survive this motion.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 17, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 17, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager