UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LLOYD SPRINGFIELD,

    Plaintiff,                       Case No. 22-10344

v.                               Honorable Nancy G. Edmunds

UNKNOWN TROTT, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S APRIL 16, 2024 REPORT AND RECOMMENDATION [50]**

This is a pro se prisoner civil rights lawsuit filed under 42 U.S.C. § 1983 by Plaintiff Lloyd Springfield, who is currently confined at the Macomb Correctional Facility. Plaintiff alleges that Defendants retaliated against him for complaining about the food service at the prison and exercising his First Amendment rights.[1] (ECF No. 1.) The case has been referred to Magistrate Judge Curtis Ivy, Jr. for all pre-trial matters. (ECF No. 7.) Before the Court is the Magistrate Judge's report and recommendation to deny Defendants' motion for summary judgment on the remaining claims. (ECF No. 50.) Defendants have filed two objections to that report. (ECF No. 52.) Having conducted a *de novo* review of the portions of the report that have been objected to, the Court OVERRULES the objections and ACCEPTS AND ADOPTS the report and recommendation.

**I.    Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.

---

[1] Three defendants remain in this case: Defendants Trott and Sundarrajan, food service supervisors at the prison, and Defendant McCollough, a command officer.

1

The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

## II. Analysis

Defendants argued in their motion for summary judgment that Plaintiff cannot show that Defendants Trott and Sundarrajan took an adverse action against him or that there is a causal connection between his grievances and Defendant McCollough's hearing decision. Defendants also argued that there were non-retaliatory reasons for their actions. The Magistrate Judge found the evidence sufficient to raise genuine questions of fact as to all these issues.[2]

Defendants first object to the conclusion that there is a genuine dispute regarding the causation element of Plaintiff's retaliatory ticket claim against Defendant McCollough. Plaintiff testified as to certain statements made by McCollough during the hearing that suggest he was aware of Plaintiff's grievances. Defendants argued that those statements were vague and pointed to the declaration of McCollough, who attested that he had no knowledge of the grievances prior to the hearing, but as the Magistrate Judge noted, there is other circumstantial evidence that could satisfy the causation element. More specifically, there is evidence of temporal proximity and disparate treatment. The latter involves a declaration from another prisoner by the name of Brandon Farnsworth, who was scheduled to work on the same day as Plaintiff and also refused to do any work but was not disciplined even though Plaintiff was. (ECF No. 1, PageID.32.) Defendants argue

---

[2] The Magistrate Judge also rejected the qualified immunity defense raised by Defendants.

2

that there is no evidence that McCollough was aware of Farnsworth's behavior. But McCollough's declaration does not address this point. Moreover, there is temporal proximity between the protected conduct and adverse action—all the events took place within one month. Defendants now argue that only a timeframe of a few days is sufficient to raise a genuine issue of material fact as to causation. But this case differs from cases where the plaintiff relies on temporal proximity alone. *See Bey v. Hissong*, No. 21-2883, 2022 U.S. App. LEXIS 10490, at *10-11 (6th Cir. Apr. 19, 2022) (noting that while "extremely close temporal proximity" may be sufficient on its own in "rare cases," additional evidence is often required to establish retaliatory motive) (internal quotation marks and citation omitted). Because there is testimony regarding comments made by McCollough, which remain relevant regardless of being characterized as "vague," along with the evidence of disparate treatment, the timeframe here can be considered as one of several pieces of evidence supporting an inference of causation. Thus, Defendants' first objection is overruled.

Defendants next object to the conclusion that there is a genuine issue of fact as to whether Plaintiff's discipline was motivated at least in part by his protected activity. The Magistrate Judge relied in part on Farnsworth's declaration in reaching this conclusion. Defendants argue that Farnsworth's conduct is distinguishable because Farnsworth did not come to work on the day in question while Plaintiff came in and then did not obey an order. But exact correlation is not required. In the context of employment discrimination, the Sixth Circuit has found the question of "[w]hether the comparison between similarly situated individuals is sufficiently relevant is itself a jury question." *See Bledsoe v. TVA Bd. of Directors*, 42 F.4th 568, 586 (6th Cir. 2022) (citing *Strickland v. City of Detroit*, 995

3

F.3d 495, 514 (6th Cir. 2021)); *see also Moore v. City of Clarksville*, No. 3:10-0141, 2011 U.S. Dist. LEXIS 78474, at *16 (M.D. Tenn. July 19, 2011) ("Exact comparators are often hard to come by, and whether any two employees are similarly situated often presents a question of fact for the jury."). Defendants also repeat the assertion that McCollough was not aware of Farnsworth's conduct that day but as noted above, McCollough's declaration does not address this point. In light of Farnsworth's declaration and Plaintiff's testimony, the Court agrees that there is a genuine issue of fact as to whether Plaintiff's discipline was motived at least in part by his protected conduct. Thus, Defendants' second objection is also overruled.

### III. Conclusion

Having conducted a *de novo* review of the portions of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Defendants' objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. Accordingly, Defendants' motion for summary judgment is DENIED.

SO ORDERED.

                                                s/Nancy G. Edmunds  
                                                Nancy G. Edmunds  
                                                United States District Judge

Dated: May 22, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2024, by electronic and/or postal mail.

                                                s/A. Chubb  
                                                Case Manager